Dear Mr. Dove:
This office is in receipt of your opinion request wherein you asked, "Whether a judge can sentence a defendant to house arrest in lieu of jail on a driving while intoxicated conviction when the offender's blood alcohol content is .15 or over?"
The statute that governs operating a vehicle while intoxicated is La. R.S. 14:98. As defined in La. R.S. 14.2(6), a "misdemeanor" is any crime other than a felony. La. R.S. 14:2(4) defines a "felony" as any crime for which an offender may be sentenced to death or imprisonment at hard labor. Under La R.S. 14:98(B)(1), a first offender is not subject to imprisonment at hard labor. Therefore, first offense D.W.I. is a misdemeanor.
 La R.S. 14:98(B)(2) states in pertinent part:
 B(2) If the offender had a blood alcohol concentration of 0.15 percent or more . . . at least forty-eight hours of the sentence imposed pursuant to Paragraph B(1) of this Section shall be served without the benefit of parole, probation, or suspended sentence.
Article 894.2 of the Louisiana Code of Criminal Procedure was enacted to give the courts discretion in sentencing an offender to home incarceration in lieu of imprisonment. La. C.Cr.P. 894.2 provides in part:
 A. Notwithstanding any other provisions of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
 (1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
 * * *
 (3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.
Since the sentencing provisions of La. R.S. 14:98(B)(1) indicate that a first conviction is considered a misdemeanor offense, a first offender may be sentenced to home incarceration according to the provisions of La.C.Cr.P. Art. 894.2(A)(1).
When the Louisiana Legislature amended La R.S. 14:98 by Acts 1999, No. 1292, adding Section (B)(2), the amendment included no provision which would have prohibited the court from sentencing a first offender with a blood alcohol concentration of 0.15 percent or more to home incarceration in lieu of imprisonment for the forty-eight hours mandated under La. R.S. 14:98(B)(2). The lack of a specific provision removing the court's authority to sentence a defendant to home incarceration under La.C.Cr.P. Art. 894.2 implies that the legislature did not intend to exclude the possibility of home incarceration where a defendant is sentenced under La. R.S. 14:98(B)(2).
This conclusion is further supported by the sentencing provisions of La. R.S. 14:98(C)(1) and (C)(2) governing convictions for second offense D.W.I. Section (C)(1) requires that at least forty-eight hours of the minimum thirty-day sentence be served without benefit of probation, parole, or suspension of sentence. However, Section (C)(1) specifically states, "[n]othing herein shall prohibit a court from sentencing a defendant to home incarceration, if otherwise allowed under the provisions of Article 894.2 of the Code of Criminal Procedure."
La. R.S. 14:98(C)(2), also enacted in 1999, contains mandatory sentencing provisions for second offense D.W.I. which increase the time that must be served to ninety-six hours when the offender has a blood alcohol concentration of 0.15 percent or more. Section (C)(2) makes no reference to that portion of Section (C)(1) which specifically allows for home incarceration in lieu of the mandatory forty-eight hours in jail required by Section (C)(1).
A conviction under La. R.S. 14:98(C) for second offense D.W.I. is obviously a more serious offense than a conviction under La. R.S. 14:98(B), as evidenced by the increased penalties for a second offense. Home incarceration is available in lieu of the minimum forty-eight hours which a defendant must serve under La. R.S. 14:98(C)(1) and it appears that a defendant sentenced under La. R.S. 14:98(C)(2) is also eligible for home incarceration.
If a defendant convicted of second offense D.W.I. may be sentenced to home incarceration instead of mandatory jail time, then it would be illogical to conclude that the legislature intended to exclude the option of home incarceration in sentencing a first offender under La. R.S.14:98(B)(2). That interpretation of the statute is further supported by the absence of any specific provision in La. R.S. 14:98(B)(2) prohibiting the sentence of home incarceration in lieu of the minimum forty-eight hours a defendant must serve.
Therefore, it is the opinion of this office that when a defendant is sentenced in accordance with the provisions of La. R.S. 14:98(B)(2), the court is not prohibited from imposing a sentence of home incarceration under La. C.Cr.P. art. 894.2 in lieu of the mandatory forty-eight hours which must be served without benefit of probation, parole or suspension of sentence.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _______________________ JULIE COLLINS ASSISTANT ATTORNEY GENERAL